**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SULI KANG,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No.　15-72329<br><br>Agency No. A089-997-927<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:　FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Suli Kang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing her appeal from an immigration judge's

("IJ") decision denying her application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

To the extent Kang challenges the agency's denial of her claim for CAT protection, we lack jurisdiction because Kang did not preserve that claim in the agency. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019). We reach Kang's claim for withholding of removal, which the BIA decided on the merits despite having concluded that it too had been waived on appeal. *See Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("[W]e do not employ the exhaustion doctrine in a formalistic manner, but rather inquire into whether the issue was before the BIA such that it had the opportunity to correct its error.").

To overturn an adverse credibility determination, we must find that the evidence not only supports a contrary conclusion but compels it. *Ming Dai v. Garland*, 9 F.4th 1142, 1145 (9th Cir. 2021). Substantial evidence supports the agency's adverse credibility determination for several reasons, including the inconsistencies between Kang's testimony and the documentation she submitted concerning the treatment she endured at the hands of police officers and other circumstances of her arrest and interrogation. *See Silva-Pereira v. Lynch*, 827 F.3d

1176, 1185 (9th Cir. 2016) ("[A]n adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application." (quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011))). Substantial evidence also supports the determination that Kang testified evasively. *See Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) ("The record supports the agency's demeanor finding, as there are many instances where the IJ explicitly said that Jin's answer was nonresponsive . . . .").

Additionally, the agency permissibly relied on Kang's failure to produce corroborative evidence concerning her church attendance in the United States, particularly because Kang expressly sought and obtained a continuance to obtain that evidence nearly three years before her final hearing before the IJ. *See Ren v. Holder*, 648 F.3d 1079, 1093-94 (9th Cir. 2011) ("[T]he continuance and the hearing itself provides an applicant represented by counsel with the statutorily required opportunity.").

Kang's claims for asylum and withholding of removal therefore fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-72329